FILED

12/28/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0019

DA 16-0019

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 351N

UNITED STATES OF AMERICA
(Bureau of Land Management),

        Claimant and Appellee,

  v.

RON KORMAN and MAXINE KORMAN,

        Objectors; Counter-Objectors
        and Appellants.

APPEAL FROM:    Montana Water Court, Cause No. 40M-230
                    Honorable Douglas Ritter, Water Judge

COUNSEL OF RECORD:

        For Appellants:

                Ron Korman (Self-Represented), Maxine Korman (Self-Represented),
                Hinsdale, Montana

        For Appellee:

                Roselyn Rennie, U.S. Department of the Interior, Office of the Solicitor,
                Billings, Montana

                John C. Cruden, Assistant Attorney General, Elizabeth Ann Peterson,
                John L. Smeltzer, James J. Dubois, Appellate Attorneys, United States
                Department of Justice, Washington, DC

                      Submitted on Briefs:  September 28, 2016
                                    Decided:  December 28, 2016

Filed:

                          _____
                                 Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Ron Korman and Maxine Korman appeal from the Water Court's order on motions for summary judgment dated August 11, 2015. We affirm.

¶3    This Water Court case arises from seventeen claims filed by the BLM in the ongoing Montana water rights adjudication process. The BLM claims, for stockwater and wildlife uses, arise from reservoirs on public lands along Beaver Creek, a tributary of the Milk River. Kormans graze livestock by permit on these public lands and claim that their ancestral free grazers perfected senior stockwater rights from the same sources by direct consumption from the streams. Kormans argue that the BLM therefore could not perfect any water rights in the reservoirs because of the prior stockwatering direct from the streams. Kormans also argue that the BLM could not perfect water rights because it never grazed its own livestock. Kormans also contend that the BLM claims are precluded by prior decisions by the Water Court in the Powder River Basin, and that the wildlife claims are precluded by the Taylor Grazing Act.

¶4    The Water Court determined that the BLM was entitled to appropriate water by following Montana law; that the BLM followed the steps required to appropriate water

with a reservoir for use by others; that the BLM could appropriate water for wildlife purposes; and that there was no basis for transferring the BLM claims to the Kormans. We recently considered many of these same claims from other objectors to other BLM claims. *BLM v. Barthelmess*, 2016 MT 348, ___ Mont. ___, __ P.3d ___ (2016). We therefore reject Kormans' objections for the same reasons explained in that Opinion.

¶5 The Powder River proceedings in the Water Court involved issues of water rights developed by private persons on federal land. The Water Court held that those persons could perfect water rights in sources on federal land without those rights becoming appurtenant to the federal lands. The Water Court did not determine that the BLM was precluded from appropriating water in its own right by following Montana law, and the Powder River proceedings do not preclude the BLM claims in this case. Similarly, the Taylor Grazing Act (43 U.S.C. § 315h) specifically authorized the Secretary of the Interior to give consideration to wildlife in the management of public lands and waters. Kormans' arguments do not preclude the BLM claims in this case. Moreover, Montana law recognizes the validity of water appropriations for wildlife purposes, *In the Matter of the Adjudication of Existing Rights (Bean Lake III)*, 2002 MT 216, ¶ 40, 311 Mont. 327, 55 P.3d 396, and the BLM's impoundment and appropriation of water pursuant to Congressional directive are sufficient to support claims for wildlife uses.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, this case presents a question controlled by settled law or by the clear application of applicable standards of review.

3

¶7    Affirmed.


                                    /S/ MIKE McGRATH


We Concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA


Justice Laurie McKinnon, dissenting.

¶8    I dissent for the reasons set forth in *In re Barthelmess Ranch Corp.*, 2016 MT 348,

__ Mont. __, __ P.3d __ (2016) (McKinnon, J., dissenting).


                                    /S/ LAURIE McKINNON